In the Matter of the Application of ELLSWORTH BARROWS & COMPANY for a Certiorari Order against TOWN OF GREAT VALLEY.— Determination annulled, with fifty dollars costs and disbursements, and town board directed to audit the claim at the full amount thereof. Memorandum: On June 2, 1930, the town board adopted a resolution authorizing petitioners to make a preliminary survey of the public utilities of the town and employed them to make a corrected survey and valuation of such properties in accordance with section 170, subdivision 9, of the Town Law in case they found the valuations were not correct to within ten per cent based on the assessed valuations. Petitioners made the corrected survey. On July 14, 1930, the town board passed a resolution rescinding the resolution above mentioned and caused a letter to be written to petitioners to that effect. But the resolution was not passed nor was the letter received by petitioners until all the work of the corrected survey had been completed, except the final checking

of the report and binding it into a leather volume; and all expenses relating to it had been incurred. The leather bound report of revaluation was delivered to the chairman of the board of assessors of the town some time previous to the completion of the assessment roll for the year 1930. The assessed values of the public utilities of the town for the year 1929 were incorrect in that they were too low to an amount considerably in excess of ten per cent. The claim of petitioners for their services was presented to the town board and rejected on November 10, 1932, on the ground that the time for claimants to present their bill was at the annual meeting of 1930 and that their failure to reply to the letter above mentioned and to present any bill for more than two years gave the town board the right to assume that no claim was to be made. The claim was not rejected on the ground that the services were not authorized or properly performed nor was the amount of the claim questioned. We find no legal or sufficient factual ground for this action of the town board. Proofs do not establish laches on the part of claimant nor does it appear that they failed to fulfill their contract or that they violated the terms of their employment in any material respect. The determination is, therefore, annulled, with fifty dollars costs and disbursements, and the claim is ordered allowed by the town board in the sum of $2,478.24, with interest from November 10, 1932. All concur.